THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, PROSECUTOR, v. ROSE KELLETT, ADMINISTRATRIX, ET AL.

Submitted March 19, 1914—Decided June 3, 1914.

The Employers' Liability act (*Pamph. L.* 1911, *p.* 134), as amended in 1913, *Pamph. L., p.* 103, does not impose upon the employer the payment of burial expenses where there are dependents to whom compensation has been awarded.

On *certiorari.*

Before Justices SWAYZE and BERGEN.

For the prosecutor, *George Holmes.*

For the defendants, *Harry Campton.*

The opinion of the court was delivered by

BERGEN, J.   The writ of *certiorari* in this case was allowed to review a judgment of the Court of Common Pleas of the county of Essex under "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of his employment, establishing an elective schedule of compensation and regulating procedure for the determination of liability and compensation thereunder." *Pamph. L.* 1911, *p.* 134. The only question raised is that the court having found that the petitioner was an actual dependent of the deceased, the judgment should not have included, as it did, the sum of $100 for burial expenses.

The claim of the prosecutor is that under the act burial expenses are not allowed where there are dependents. Section 11 of the act is divided into a number of paragraphs fixing the sums to be allowed according to the character of the injuries. This section was amended in 1913 (*Pamph. L., p.* 302) as follows: "In case of the death of a person from any cause other than the accident, during the period of payments for permanent injury, remaining payments shall be paid to his or her dependents, according to the provision of paragraph 12 of this act, or, if no dependents, the remaining amount due, but not exceeding $100 shall be paid in a lump sum to the proper person for funeral expenses." Section 12 provides that compensation, in case of death, shall be computed but not distributed, on the following basis: "(1) Actual dependents," and under this title the act provides the method of making the compensation for actual dependents. Following this, and under another subdivision, the following appears: "(2) No dependents," under which the only compensation to be computed is the expenses of last sickness and burial not exceeding $100, so, that, as the act stood after the amendment of 1913. sections 11 and 12 provided that in case

there were no dependents, $100 should be paid to "the proper person for funeral expenses."

It is insisted by the defendants in *certiorari* that paragraph 14, as amended in 1913 (*Pamph. L., p. 302*), authorized the payment of funeral expenses, although there may be dependents. Section 14 of the act of 1911 required the employer to furnish, during the first two weeks after the injury, reasonable medical aid not to exceed $100 in value, which amount, by the amendment of 1913, was reduced to $50, and a new paragraph was also inserted, numbered 14 (*a*), which reads: "Compensation for all classes of injuries shall run consecutively and not concurrently—first two weeks, medical and hospital services and medicines as provided in paragraph 14. After the first two weeks, compensation during temporary disability. Following both, either or none of the above, compensation consecutively for each permanent injury. Following any or all of the above, if death results from the accident, expenses of the last sickness and burial. Following which compensation to dependents, if any."

The legislation on this subject seems to stand as follows: Under paragraph 11, if an injured person die, during the period for which compensation has been awarded, from any cause other than the accident, funeral expenses are to be paid to the proper person, if there be no dependents. Paragraph 12 deals alone with cases of death resulting from the accident, and in its first section fixes the per centum of wages to be paid, and the persons who are to be considered dependents. Section 2 of the paragraph provides that if there are no dependents, then compensation shall be the cost of burial not exceeding $100. Section 14 (*a*) merely establishes the order in which payment shall be made, but does not fix the amount, and although the order in which payment for burial expenses is placed would seem to indicate that burial expenses were to be paid in case of death before compensation to dependents, if any, still that does not create an obligation to pay, and we are of opinion that the statute does not provide for the payment of burial expenses except when there are no dependents, and, as in this case, there were dependents, there is no justifi-

cation in the statute for imposing on the prosecutor burial expenses, and to that extent the judgment under review has no statutory support, and for this reason the judgment should be reversed.